UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL VALDEZ

                Petitioner,

   v.

RONALD HAYNES,

                Respondent.

Case No. C21-5322-TSZ-SKV

ORDER GRANTING PETITIONER'S MOTION FOR ENLARGEMENT OF TIME AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

This is a federal habeas action filed under 28 U.S.C. § 2254. This matter comes before the Court at the present time on Petitioner's motion for an enlargement of time to file a response to Respondent's answer to Petitioner's petition, and on Petitioner's motion for appointment of counsel. Dkt. 10. Respondent has filed a response to Petitioner's motion in which he indicates that he does not oppose the requested extension of time, but he does oppose Petitioner's motion for appointment of counsel. Dkt. 11. The Court, having reviewed Petitioner's motions, Respondent's response, and the balance of the record, hereby finds and ORDERS as follows:

(1)     Petitioner's unopposed motion for an enlargement of time to file a response to Respondent's answer to his federal habeas petition (Dkt. 11) is GRANTED.  Petitioner is directed to file his response not later than *September 16, 2021*.

(2)     Respondent's answer to Petitioner's federal habeas petition (Dkt. 8) is RE-NOTED on the Court's calendar for consideration on *September 24, 2021*.  Respondent shall file any reply brief in support of his answer by that date.

(3)     Petitioner's motion for appointment of counsel (Dkt. 11) is DENIED.  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required.  See *Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  However, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require."  18 U.S.C. § 3006A.

The record is not yet sufficiently developed for the Court to determine whether an evidentiary hearing will be required, and petitioner has not demonstrated that the interests of justice are best served by appointment of counsel at this time.  Petitioner asserts that appointment of counsel is warranted because of the complexity of the case, his lack of education, and the lack of adequate law library access due to the pandemic.  Dkt. 11 at 2.  He also asserts that "he struggles to understand the English language." *Id*.  The Court notes, however, that Petitioner represented himself throughout his collateral proceedings in the state courts, he litigated a prior habeas action *pro* se, and he filed the instant petition and supporting documents without the assistance of counsel.  Nothing in the record before this Court suggests that Petitioner is unable to litigate this case without counsel.  Plaintiff thus fails to demonstrate that the interests of

ORDER GRANTING PETITIONER'S
MOTION FOR ENLARGEMENT OF
TIME AND DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2

judgment warrant appointment of counsel.  Counsel will be appointed, as required, should the Court later determine that an evidentiary hearing is necessary.

    (4)    The Clerk shall direct copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Thomas S. Zilly.

DATED this 28th day of July, 2021.

                                                S. KATE VAUGHAN
                                                United States Magistrate Judge

ORDER GRANTING PETITIONER'S MOTION FOR ENLARGEMENT OF TIME AND DENYING MOTION FOR APPOINTMENT OF COUNSEL - 3