UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL VALDEZ,

                Petitioner,

v.

RONALD HAYNES,

                Respondent.

Case No. C21-5322-DGE-SKV

ORDER DENYING PETITIONER'S PENDING MOTIONS

## I. INTRODUCTION

This is a federal habeas action filed under 28 U.S.C. § 2254.  Petitioner has presented to this Court for consideration a motion seeking discovery (Dkt. 16), a motion for expansion of the record (Dkt. 18), and three motions for an evidentiary hearing (Dkts. 15, 22, 23).  Respondent filed a response opposing Petitioner's first motion for an evidentiary hearing, as well as his motions for discovery and for expansion of the record.[1]  Dkt. 19.  Petitioner filed a traverse in support of his motions.  Dkt. 21.  The Court, having reviewed each of Petitioner's motions, and

---

[1] Petitioner's remaining motions for an evidentiary hearing do not require a response and, thus, the Court will proceed to resolution of all pending motions at this time.

ORDER DENYING PETITIONER'S
PENDING MOTIONS - 1

the balance of the record, concludes that Petitioner is not entitled to the relief he seeks by way of any of the pending motions. The Court addresses each of Petitioner's motions below.

## II.     DISCUSSION

### A.     Motion for Discovery

Petitioner seeks to conduct discovery in this matter to obtain evidence he believes will demonstrate that the confidential informant ("CI") who went to the police and made allegations that resulted in Petitioner's conviction was not credible. Dkt. 16. Petitioner claims the CI was dishonest in the allegations he made to the police and prosecutor regarding Petitioner's conduct, and that the police and prosecutor failed to properly investigate the CI's allegations and/or withheld from the defense evidence demonstrating that the CI was not credible. *See id*.

Rule 6(a) of the Rules Governing Section 2254 Cases provides the Court may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. The Supreme Court has previously established that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery is properly limited in habeas corpus actions because it "is not the trial itself but a collateral attack upon a standing conviction." *Austad v. Risley*, 761 F.2d 1348, 1355 n.4 (9th Cir. 1985). Absent a showing of good cause, the Court should deny a motion for leave to conduct discovery. *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999). To show good cause, the petitioner must set forth specific facts showing discovery is appropriate in the particular case. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)). The Ninth Circuit has made clear that, in the context of habeas litigation, trial courts "should not

ORDER DENYING PETITIONER'S
PENDING MOTIONS - 2

allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Petitioner fails to show that there is good cause to permit him to conduct discovery in this federal habeas action.  Petitioner, by way of his motion for discovery, appears to be seeking new evidence to support his contention that he was denied a fair trial as a result of prosecutorial misconduct.  However, in a federal habeas proceeding, the Court's review is limited to the record before the state courts at the time the state courts adjudicated the claims.  28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).  In *Pinholster*, the Supreme Court made clear that "evidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 185.  Under this limited scope of review, the Court may not consider new evidence not presented to the state courts.  It would therefore serve no purpose to allow Petitioner to conduct the requested discovery.

B.      **Motions for Evidentiary Hearing**

As noted above, Petitioner has filed three motions for an evidentiary hearing.  In his initial motion (Dkt. 15), Petitioner requests an evidentiary hearing be scheduled without providing any explanation as to why he believes a hearing is necessary or appropriate in this matter.  In his second motion (Dkt. 22), though Petitioner frames his request as one for an evidentiary hearing, the body of his motion sounds very much like a discovery request.  In essence, Petitioner seeks production of records in the prosecutor's possession pertaining to the credibility of the CI.  Petitioner appears to believe that an evidentiary hearing will provide him a

ORDER DENYING PETITIONER'S
PENDING MOTIONS - 3

forum for investigating and reviewing allegedly undisclosed records in the prosecutor's file. In his third motion (Dkt. 23), Petitioner requests an evidentiary hearing to determine if any false or misleading statements included in a search warrant application were material to the issuing court's finding of probable cause.

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The federal court, in exercising this discretion, must consider the standards of 28 U.S.C. § 2254(d). *Id.* at 474. In accordance with § 2254(d), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

As explained above, in determining whether relief is available under 28 U.S.C. § 2254(d), the federal habeas court's review is limited to the record before the state courts. *Pinholster*, 563 U.S. at 181-82; *see also Gulbrandson v. Ryan*, 738 F.3d 976, 993, n.6 (9th Cir. 2013) (making clear that this evidentiary limitation is applicable to claims brought under both § 2254(d)(1) and § 2254(d)(2)). An evidentiary hearing is not required if the petitioner's allegations would not entitle him to relief under § 2254(d). *Landrigan*, 550 U.S. at 474; s*ee also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has declined to decide whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks and citation omitted).

At this juncture, it is unclear whether an evidentiary hearing will be necessary because the Court has not yet had an opportunity to assess whether § 2254(d) has been satisfied in this case. Once Petitioner files his response to Respondent's answer, as he has indicated he intends to do, the Court will review the entirety of the record and determine whether § 2254(d) has been satisfied. Only at that point will the Court be able to render a decision regarding the propriety of granting an evidentiary hearing in this case. Petitioner should refrain from filing further requests for an evidentiary hearing until the briefing on the substance of his claims is complete. Finally, the Court notes that, to the extent Petitioner is attempting to use the evidentiary hearing process as a mechanism to conduct discovery, his efforts are unavailing for the reasons set forth above.

### C. Motion for Expansion of the Record

Petitioner seeks to expand the record before this Court (Dkt. 18), though his motion is somewhat unclear. Petitioner requests in his motion that he be permitted to expand the record to include "all Exhibits and Affidavits attached to his § 2254 petition." Dkt. 18 at 1. Petitioner goes on to state that these documents "are in the opposing partys possession and should be included within the record in accordance with rule 7(b)." *Id*. Attached to Petitioner's motion is an exhibit list and some, but not all, of the exhibits referenced on that list. *Id*. at 3; Dkt. 18-2. Also attached to Petitioner's motion are proposed subpoenas for the CI and another trial witness which represents another apparent attempt by Petitioner to conduct discovery in this case. Dkt. 18-1.

To the extent Petitioner seeks to expand the record to include documents attached to his habeas petition, those documents are already a part of the record and will be considered, as appropriate, when the Court rules on Petitioner's claims. To the extent Petitioner seeks to

ORDER DENYING PETITIONER'S
PENDING MOTIONS - 5

expand the record with exhibits attached to his motion, or with materials obtained through the proposed subpoenas, it appears Petitioner is attempting to introduce new evidence into the record that was not before the state courts at the time they adjudicated his claims. As noted above, this Court's review of the state court's adjudication of Petitioner's claims under 28 U.S.C. § 2254(d) is limited to the record that was before the state court that adjudicated the claims on the merits. *See Pinholster*, 563 U.S. at 181 (2011). Petitioner's motion for expansion of the record is therefore unnecessary and/or inappropriate under the circumstances presented here.

### III.   CONCLUSION

Based on the foregoing, Petitioner's motion for discovery (Dkt. 16), Petitioner's motion for expansion of the record (Dkt. 18), and Petitioner's motions for an evidentiary hearing (Dkts. 15, 22, 23) are DENIED. The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable David G. Estudillo.

DATED this 26th day of October, 2021.

*[signature: Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge