UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL VALDEZ,<br><br>                Petitioner,<br>    v.<br><br>RONALD HAYNES,<br><br>                Respondent. | CASE NO. C21-05322-DGE-SKV<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 30) AND DENYING SUBSEQUENT MOTIONS (DKT. NOS. 34, 36, 38) |

**I    INTRODUCTION**

This matter comes before the Court on the objections to the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 30) and three subsequent motions filed by Petitioner after Judge Vaughan issued the Report and Recommendation. (Dkt. Nos. 34, 36, 38.) Having carefully reviewed the Report and Recommendation, the objections filed by Petitioner, the motions, and the remaining record, the Court ADOPTS the Report and Recommendation and DENIES Petitioner's subsequent motions.

## II     BACKGROUND

The underlying factual and procedural background have been amply addressed in the Report and Recommendation ("R&R"), and the Court need not repeat them here. (Dkt. No. 30 at 2–17.)  After the R&R was issued, Petitioner filed his objections ("Objections"). (Dkt. No. 33.) After the Objections were filed, Petitioner filed a "Motion Challenging Veracity of Warrant Affidavit" (Dkt. No. 34), "Motion for the Production of Exculpatory and Mitigating Evidence" (Dkt. No. 36), and "Motion for Certificate of Appealability." (Dkt. No. 38.)  Each Motion appears to restate arguments raised in Petitioner's Petition for Writ of Habeas Corpus ("Petition") and Objections to the R&R. (Dkt. Nos. 5, 30.)

## III     DISCUSSION

### A.  Standard for Reviewing a Report and Recommendation

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

Nevertheless, objections to a magistrate judge's report and recommendation are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge.  *See, e.g.*, *El Papel Llc v. Inslee*, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendations when "all of [plaintiff's]

objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

As courts in other districts have recognized and explained, such re-litigation is not an efficient use of judicial resources:

> There is no benefit to the judiciary 'if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis.' *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate's findings and recommendations 'is not a vehicle for the losing party to relitigate its case.' *Id*.

*Conner v. Kirkegard*, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *see also Fix v. Hartford Life & Accident Ins. Co.*, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*, 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

**B. Petitioner's Objections are the Same Arguments the Magistrate Judge Reviewed in Preparing the R&R**

Having reviewed Petitioner's Objections and the appropriate portions of the R&R de novo, the Court finds that the Objections merely rehash arguments Judge Vaughan already addressed in the R&R. Indeed, Petitioner's Objections make only a single reference to the R&R (Dkt. No. 33 at 2), disputing an immaterial detail of the state record. The Court wholly agrees with the facts, law, analysis, and conclusions in the R&R. To avoid duplication of the R&R the Court provides only a brief discussion.

Petitioner's first objection states that: "[t]he affidavit submitted for application for a warrant did not meet the required standard for the 'Aguilar/Spinelli' test for probable cause. The affidavit was made with false statements made with reckless disregard for the truth." (Dkt. No.

33 at 2, 8.) This argument is identical to the first ground for relief Petitioner put forth in his Petition. (Dkt. Nos. 5 at 5; 5-1 at 2.) The R&R appropriately recommended that Petitioner's first ground for relief be denied because of procedural default as both the Washington Court of Appeals and Washington Supreme Court found that the arguments were time-barred. (Dkt. No. 30 at 20–22.)

Petitioner's second objection states:

> The prosecutor committed misconduct by a) knowingly presenting perjured testimony by Christopher Horton, b) withholding the existence of eight interviews the prosecutor had with their key witness Mr. Horton, before trial in violation of Brady and CrR 4.7 Discovery rules, c) argued in closing the Mr. Valdez was a liar, and stating, Larry Adams, Mr. Horton's uncle was called shameful and was not credible, and d) informed the jury through witness questioning that Mr. Valdez was incarcerated.

(Dkt. No. 33 at 2–3.)

Each argument was specifically raised in the Petition. (Dkt. Nos. 5 at 7–8; 5-1 at 4–7.) The R&R discussed the merits of each argument and recommended denying the Petition as to each argument. (Dkt. No. 30 at 29–39.) The R&R also stated that portions of the second ground for relief were not properly exhausted in the state courts. (*Id*. at 22–23.)

Petitioner's third objection states:

> The Defense counsel provided ineffective assistance, by: (a) failing to object to the prosecutor's arguments, to the admission of evidence concerning arson, and the admission of prior bad acts under ER 404(b) failing to give direction to the defense investigator, (c) failing to spend time preparing Valdez for trial, (d) failing to impeach Mr. Horton an habitual lier, and failed to know that the affidavit did not meet the Aguilar/Spinelli standard used in Washington State to evaluate that validity of a warrant issued when , as here, the existence of probable cause depends on an informant's tip.

(Dkt. No. 33 at 3.)

Each argument was specifically raised in the Petition. (Dkt. Nos. 5 at 8–10; 5-1 at 8–10.) The R&R found that "[t]he record before this Court confirms that these arguments were not

presented to the Washington Supreme Court on direct appeal" and thus had not been properly exhausted. (Dkt. No. 30 at 23, 27.) The R&R also found that these arguments failed on the merits. (*Id*. at 39–48.)

Petitioner's Fourth objection states: "[t]he trial court erred when it denied a change of venue from one of the smallest counties in the state, and a case where a judge levied a bail of Ten Million dollars catching the attention of citizens of the county and the attention of two states, Oregon and all of Washington." (Dkt. No. 33 at 3.) This argument was specifically raised in the Petition. (Dkt. Nos. 5 at 10–11; 5-1 at 11–13.) The R&R discussed the merits of this argument and recommended denying the Petition on this ground as Petitioner "fail[ed] to demonstrate that the decision of the Court of Appeals was contrary to clearly established federal law or that he was denied an impartial jury." (Dkt. No. 30 at 48–53.)

Petitioner's fifth objection states:

> Mr. Valdez was denied a fair trial due to an accumulation of errors: (a) Defendant was not provided or informed of his right to counsel at the preliminary hearing, (b) excessive bail of 10 million dollars was set, (c) the heightened courthouse security violated the presumption of innocence, (d) the small size of the courtroom, and seating arrangement, placing the Defendant a couple feet from the jury, along with the prosecutor, and the judge's admonishment for the Defendant speaking to counsel during trial, rather than writing to counsel, prevented Defendant from adequate and effective communication with Defendant's counsel and e) the overall accumulation of errors 1 through 5, were prejudicial, and denied Mr. Valdez the opportunity for a fair trial.

(Dkt. No. 33 at 3.)

Each argument was specifically raised in the Petition. (Dkt. Nos. 5 at 10; 5-1 at 14–17.) The R&R addressed each of Petitioner's arguments and recommended dismissal for failure to exhaust (Dkt. No. 30 at 27), and on the merits. (*Id*. at 53–55.)

**C. Petitioner's Subsequent Motions**

Petitioner filed three motions after he filed his Objections: "Motion Challenging Veracity of Warrant Affidavit" (Dkt. No. 34), "Motion for the Production of Exculpatory and Mitigating Evidence" (Dkt. No. 36), and "Motion for Certificate of Appealability." (Dkt. No. 38.)  Each motion appears to restate arguments raised in the Petition and Objections.  They were addressed in the R&R and are thus DENIED as moot.

### IV    CONCLUSION

Accordingly, and having considered the Report and Recommendation, the briefing of the parties, the subsequent motions, and the remainder of the record, the Court finds and ORDERS that the Report and Recommendation (Dkt. No. 30) is ADOPTED and Petitioner's Petition for a Writ of Habeas Corpus is DENIED.

1. The Report and Recommendation is approved and adopted.
2. Petitioner's petition for writ of habeas corpus (Dkt. No. 5) is DENIED, and this action is DISMISSED with prejudice.
3. In accordance with Rule 11 of the Rules Governing Section § 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.
4. Petitioner's Motion Challenging Veracity of Warrant Affidavit (Dkt. No. 34), Motion for the Production of Exculpatory and Mitigating Evidence (Dkt. No. 36), and Motion for Certificate of Appealability (Dkt. No. 38) are DENIED.
5. The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable S. Kate Vaughan.

Dated this 22nd day of July 2022.

1
2
3   David G. Estudillo
    United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 30) AND DENYING SUBSEQUENT MOTIONS (DKT. NOS. 34, 36, 38) - 7